IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CORRIE L. WRIGHT,           )
                            )
            Plaintiff,      )
                            )
vs.                         )  Case No. 11-2404-KHV-DJW
                            )
CITY OF TOPEKA, KANSAS,     )
                            )
            Defendant.      )
_____)

## COMPLAINT

The plaintiff, Corrie L. Wright, for her claims against the defendant, City of Topeka, Kansas, states and alleges the following:

### JURISDICTION AND VENUE

1. This is an employment case based upon and arising under the Family and Medical Leave Act, as amended, 29 U.S.C. § 2611 et seq. ("FMLA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA").

2. This court has subject matter jurisdiction over the plaintiff's federal claims pursuant to 28 U.S.C. § 1331, since these claims arise under federal statutory law.

3. All of the unlawful acts and practices set forth below were committed in the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. The plaintiff, Corrie L. Wright, is presently employed as a Housing Manager by the defendant. The plaintiff is a citizen and resident of Shawnee County, Kansas.

1

5. The defendant, City of Topeka, Kansas, is a governmental entity organized and operating pursuant to the laws of the State of Kansas.

**FACTUAL ALLEGATIONS**

6. In April 2005, Plaintiff was hired by Defendant, as a Program Administrator.

7. In or about 2007, Plaintiff was promoted to Housing Manager.

8. Beginning in approximately 2008, Plaintiff began training and preparing for the Deputy Director of Housing and Neighborhood Development at the insistence of the then Deputy Director, Kevin Rooney, and the Director of Housing and Neighborhood Development, Randy Speaker.

9. Plaintiff was told on numerous occasions by Rooney and Speaker that she would be promoted to the Deputy Director position upon Rooney's retirement.

10. In or about March 2009, Plaintiff learned that Speaker and Rooney were attempting to fire another employee due to a disability which caused her to cough frequently.

11. Plaintiff informed the Human Resources Department that Speaker and Rooney were attempting to terminate an employee based upon a disability.

12. Plaintiff is enrolled as a donor in the National Kidney Registry.

13. In or about September 2010, Plaintiff was notified by the National Kidney Registry that they found a match for her kidney and requested that she donate in late September.

14. Plaintiff took four (4) weeks of approved leave under the Family and Medical Leave Act to donate a kidney and recover from surgery.

15. Rooney retired during Plaintiff's leave.

16. When Plaintiff returned to work on October 25, 2010, she noticed a certain amount of hostility toward her from Speaker.

17. In November 2010, Plaintiff learned that the Deputy Director position had been posted as a job vacancy on the internet.

18. Plaintiff discovered that the job was posted externally for the Deputy Director position. Plaintiff was not notified prior to the external posting of the Deputy Director position was open for application. Plaintiff was told by a co-worker that the position was posted in the newspaper. Plaintiff realized she would have to apply for the position and go through the interview process rather than simply be promoted as previously indicated.

19. Plaintiff applied and interviewed for the position.

20. In January 2011, Plaintiff was informed that she did not receive the Deputy Director position.

21. The Deputy Director position would have been a pay increase of approximately $15,000 per year.

22. Defendant filled the Deputy Director position with a lesser-qualified male.

## COUNT I - RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

23. Plaintiff incorporates by reference the above numbered paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff engaged in protected activity by requesting and taking approved FMLA leave.

25. Defendant retaliated against Plaintiff because she engaged in protected activity by denying her a promotion which she previously had been informed she would recieve.

26. As a result of Defendant's illegal and willful conduct, Plaintiff has suffered substantial economic losses.

WHEREFORE, Plaintiff prays for judgment against Defendant in excess of $100,000.00, consisting of back pay, reinstatement or front pay, prejudgment and post-judgment interest, liquidated damages, attorney fees, litigation expenses and such further relief as the Court deems just and proper.

### COUNT II:  DISPARATE TREATMENT IN VIOLATION OF TITLE VII

27. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth herein.

28. Due to her gender, Plaintiff was treated differently than similarly situated male employees by Defendant.  This disparate treatment included requiring Plaintiff to go through an interview process when other, male, employees had previously received promotions within the department, and hiring a lesser-qualified male for the Deputy Director position.

29. As a result of the discriminatory actions by defendant, Plaintiff has suffered damages in the form of loss of back pay and benefits, future financial loss, mental anguish, emotional distress and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against Defendant in excess of $100,000.00, consisting of back pay and loss of benefits, front pay, emotional distress

and mental anguish, attorney fees, litigation expenses, prejudgment interest, and such other and further relief as the Court deems just and proper.

## **COUNT III:  RETALIATION IN VIOLATION OF THE ADA**

30. The plaintiff incorporates by reference the above numbered paragraphs 1 through 29 as though fully set forth in Count I.

31. During the plaintiff's employment, Plaintiff engaged in protected activity by reporting to Human Resources information she had received regarding the proposed termination of a disabled employee due to her coughing.

24. The plaintiff's complaint to Human Resources was a motivating factor in the defendant's decision to deny Plaintiff the Deputy Director position, in violation of the ADA.  In denying Plaintiff the Deputy Director position, the defendant acted with malice or with reckless indifference to the plaintiff's federally protected rights.

25. As a result of the defendant's illegal and intentional conduct, the plaintiff has suffered serious economic losses, loss of enjoyment of life, anger, and emotional pain and suffering.  In addition, the plaintiff is entitled to an award of punitive damages.

WHEREFORE, the plaintiff prays for judgment against the defendant in the form of injunctive and declaratory relief, as well as damages in excess of $100,000.00, consisting of back pay, including benefits, front pay, prejudgment interest, compensatory damages, punitive damages, attorney fees, litigation expenses and such other and further relief as the Court deems just and proper.

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY:   s/Alan V. Johnson
      Alan V. Johnson, KS #9992
      ajohnson@sloanlawfirm.com

BY:   s/Danielle N. Davey
      Danielle N. Davey, KS #24205
      ddavey@sloanlawfirm.com
      ATTORNEYS FOR PLAINTIFF

## REQUEST FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. Pro. 38, the plaintiff requests a trial by jury on all claims triable to a jury.

                                                  SLOAN, EISENBARTH, GLASSMAN  
                                                    McENTIRE & JARBOE, L.L.C.

                              BY:    s/Alan V. Johnson_____  
                                         Alan V. Johnson, KS #9992  
                                         Danielle N. Davey, KS #24205  
                                         ajohnson@sloanlawfirm.com  
                                         ddavey@sloanlawfirm.com  
                                         ATTORNEYS FOR PLAINTIFF

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that Kansas City, Kansas, be designated as the place of trial in the above-captioned matter.

                SLOAN, EISENBARTH, GLASSMAN
                  McENTIRE & JARBOE, L.L.C.

        BY:  s/Alan V. Johnson
                Alan V. Johnson, KS #9992
                Danielle N. Davey, KS #24205
                ajohnson@sloanlawfirm.com
                ddavey@sloanlawfirm.com
                ATTORNEYS FOR PLAINTIFF