# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **CORRIE WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 11-2404-KHV** |
| **CITY OF TOPEKA, KANSAS** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings an employment discrimination suit against the City of Topeka.  This matter comes before the Court on Defendant's Motion To File Exhibit E In Support Of Its Motion For Summary Judgment Under Seal (Doc. #29) filed April 9, 2012.  Defendant asks the Court to seal two documents:   (1) plaintiff's charges of discrimination on file with the Equal Employment Opportunity Commission; and (2) her right to sue letter.  The only stated reason to seal these documents is that they contain plaintiff's confidential data and should not be disclosed.

Federal courts have long recognized a common-law right of access to judicial records.  Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011); Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007).  This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to ensure that courts are fair and judges are honest.  Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980); Worford v. City of Topeka, No. 03-2450-JWL-DJW, 2004 WL 316073, at *1 (D. Kan. Feb. 17, 2004).  The public's right of access, however, is not absolute.  Helm, 656 F.3d at 1292.  The Court therefore has discretion to seal documents if competing interests outweigh the public's right of access.  Id.; United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985).  In exercising its discretion, the Court weighs

the public's interests, which it presumes are paramount, against those advanced by the parties. Helm, 656 F.3d at 1292; Dobbins, 616 F.2d at 461.  The party seeking to overcome the presumption of public access to the documents bears the burden of showing some significant interest that outweighs the presumption.  Helm, 656 F.3d at 1292; Mann, 477 F.3d at 1149.

In support of its motion to file an exhibit under seal, defendant alleges only that the contents of the charges contain plaintiff's confidential data and should not be disclosed.  Defendant's Motion To File Exhibit E In Support Of Its Motion For Summary Judgment Under Seal (Doc. #29) at 1 and Exhibit E attached thereto.  Defendant does not suggest why this information, if disclosed, might be harmful to either party.  Neither does defendant demonstrate that redaction would be insufficient to protect any information which is legitimately confidential personal information.  Pursuant to Section II., I. of the District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas, defendant may redact personal data as set forth therein.[1]

---

[1]      The procedure includes the following directive:

To address the privacy concerns created by Internet access to court documents, litigants shall modify or partially redact the following personal data identifiers appearing in documents filed with the court:

1.      Social Security numbers:  Use only the last four numbers;

2.      Minors' names: Use the minors' initials;

3.      Dates of birth: Use only the year; and

4.      Financial account numbers: Identify the name or type of account and the financial institution where maintained, but use only the last four numbers of the account number.

(continued...)

As in Helm, defendant has not articulated a substantial interest that justifies overriding the public's substantial interest in access to court records.  The Court therefore overrules the motion to file documents under seal.

**IT IS THEREFORE ORDERED** that Defendant's Motion To File Exhibit E In Support Of Its Motion For Summary Judgment Under Seal (Doc. #29) filed April 9, 2012 be and hereby is **OVERRULED**.

Dated this 18th day of April, 2012 at Kansas City, Kansas.

s/  Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1](...continued)
In addition, parties may modify or partially redact other confidential information as permitted by the court (*e.g.*, driver's license numbers, medical records, employment history, individual financial information, and proprietary or trade secret information.)

District of Kansas Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas, § II., I.