FILED
United States Court of Appeals
Tenth Circuit

November 1, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CORRIE WRIGHT,

    Plaintiff - Appellant,

v.

CITY OF TOPEKA, KANSAS,

    Defendant - Appellee.

No. 12-3244
(D.C. No. 2:11-CV-02404-KHV)
(D. Kan.)

---

### ORDER AND JUDGMENT[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

In this employment discrimination and retaliation matter, Plaintiff Corrie Wright appeals from a grant of summary judgment in favor of her employer, Defendant-Appellee City of Topeka. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

## Background

The following facts are not disputed. Ms. Wright is employed as manager

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of the City of Topeka Housing and Neighborhood Development Department ("HND").  In 2010, Ms. Wright became interested in donating a kidney and requested leave under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-54 ("FMLA"), to do so.  Defendant-employer approved her leave, which began on September 30 and ended on October 25, 2010.  When she returned, Ms. Wright perceived a change in her relationship with HND Director Randy Speaker.  Where Mr. Speaker would ordinarily stop by her office to talk or invite her to meetings, he was now evasive and barely spoke to her.

Throughout her time at HND, Ms. Wright expressed a desire to advance in her career.  In 2007, Mr. Speaker told Ms. Wright that the then-current HND Deputy Director would soon retire.  In 2010, prior to her leave, Ms. Wright met with Mr. Speaker and the Deputy Director to discuss her taking over the Deputy Director position.  Ms. Wright testified that she had multiple conversations with the Deputy Director to that effect.

The Deputy Director retired just before Ms. Wright took her medical leave.  After the retirement, Mr. Speaker and the City Manager determined it would be best to publicly advertise and interview candidates for the position.  Mr. Speaker, however, delayed posting the vacancy while Ms. Wright was on leave.  Knowing Ms. Wright was interested, Mr. Speaker considered it inappropriate to advertise the position in her absence.  Aplt. App. 29, 99-100.

Mr. Speaker created two panels to interview the candidates—one panel

composed of City employees, and one of members of neighborhood organizations that participated in HND programs. According to Mr. Speaker, because he knew that HND employees (like Ms. Wright) were interviewing, he did not interact with the panels. Aplt. App. 29. He indicated that he did not want to create the perception that he was swaying the hiring process, and he wanted unbiased opinions from the panel members. Aplt. App. 93-94.

At the end of the interview process, both panels recommended Mr. Reiff for the position. Both panels ranked Ms. Wright second. Mr. Speaker consulted with the City Manager and offered the job to Mr. Reiff.

After filing a complaint with the Equal Employment Opportunity Commission, Ms. Wright filed this action, alleging retaliatory treatment for exercising her rights under the FMLA, 29 U.S.C. § 2615(a)(2), and gender discrimination under Title VII, 42 USC § 2000e-2(a)(1). The district court granted Defendant's motion for summary judgment as to both claims. Ms. Wright timely appealed.

## Discussion

We review a grant of summary judgment de novo and apply the same standard as the district court. James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013). Summary judgment is appropriate when there is no genuine dispute of material fact and "the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). We view the facts and draw reasonable inferences in the light most favorable to the party opposing summary judgment. Thomas v. Durastanti, 607 F.3d 655, 659 (10th Cir. 2010).

Both FMLA retaliation and Title VII discrimination claims are subject to the burden shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). See Metzler v. Fed. Home Loan Bank of Topeka, 464 F.3d 1164, 1170 (10th Cir. 2006). Under this framework, the plaintiff bears the initial burden of establishing a prima facie case. McDonnell Douglas, 411 U.S. at 802. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory (or non-retaliatory) reason for the employment decision. Id.; Metzler, 464 F.3d at 1170. Plaintiff must then show that the employer's proffered reason was mere pretext for discrimination or retaliation. McDonnell Douglas, 411 U.S. at 804; Metzler, 464 F.3d at 1170. A showing that the employer's proffered reason is false is sufficient to defeat summary judgment; plaintiff need not prove that discrimination or retaliation was the actual motivation at this stage. Doebele v. Sprint/United Mgmt. Co., 342 F.3d 1117, 1135-36 (10th Cir. 2003). Plaintiffs typically accomplish this through evidence that the employer's explanation is false, or evidence that the employer acted contrary to established policy. Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1230 (10th Cir. 2000).

The district court found that Ms. Wright failed to establish a prima facie

case of retaliation or discrimination.  Wright v. City of Topeka, No. 11-2404-KHV, 2012 WL 3600167, at *7, *9 (D. Kan. Aug. 21, 2012).  The court stated that even if she had, Ms. Wright failed to demonstrate that Defendant's proffered reasons for not promoting her were pretextual.  Id.  We agree.

For the purposes of this appeal, we assume that Ms. Wright established a prima facie case for both claims.  See  Leo v. Garmin Int'l, Inc., 431 F. App'x 702, 705 (10th Cir. 2011) (unpublished).  Next, we find Defendant met its burden of showing a legitimate reason for hiring Mr. Reiff; it believed Mr. Reiff was better qualified for the position, and acted on the recommendation of two independent panels, both of which found Mr. Reiff more qualified than Ms. Wright.  In order to avoid summary judgment, then, Ms. Wright must raise a genuine dispute of material fact as to whether Defendant acted on these reasons.  Doebele, 342 F.3d at 1135-36.[1]  The inquiry is not whether the stated reasons were fair, wise, or correct, but rather whether Defendant genuinely believed them and took action accordingly.  Rivera v. City & Cnty. of Denver, 365 F.3d 912, 924–25 (10th Cir. 2004).  Thus, Ms. Wright was required to marshal evidence suggesting weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the explanation offered by her employer.  Argo v. Blue Cross & Blue Shield of Kan., Inc., 452 F.3d 1193, 1203 (10th Cir. 2006).

---

[1]Ms. Wright advises that her arguments for pretext are the same in regard to both her FMLA and Title VII claims.  Aplt. App. 22.  Thus we address them together.

Ms. Wright has not met her burden.  She points to three pieces of evidence: (1) close temporal proximity between the leave and the hiring decision, (2) direct evidence of the falsity of Defendant's explanations, and (3) Defendant's failure to follow a written hiring policy.  Aplt. Br. 14.

As to timing, approximately four months passed between the date Ms. Wright took leave (September 30, 2010) and the date she was informed she did not get the job (January 25, 2011).[2]  Even granting Ms. Wright some favorable inference from this timeline, temporal proximity alone cannot establish pretext.  Metzler, 464 F.3d at 1172.  It must be accompanied by other circumstantial evidence.  Id.

As to falsity, Ms. Wright argues that a reasonable jury might not believe that Mr. Reiff was more qualified than Ms. Wright.  Specifically, she claims she has more certifications and relevant experience than Mr. Reiff.  But what matters

---

[2] Ms. Wright asserts that the relevant time period is two months—from when she took leave to when Mr. Speaker decided to open the position to outside candidates.  Aplt. Br. 15.  When evaluating temporal proximity we consider the timing of the protected activity (here FMLA leave) relative to the adverse employment action.  See Anderson v. Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999).  The adverse employment action in this case is Defendant's failure to promote Ms. Wright.  Wright, 2012 WL 3600167, at *5.  Ms. Wright urges that the adverse action is the decision to interview outside candidates, Aplt. Br. 9, but she is incorrect.  An adverse action is one that produces "a significant change in employment status."  Burlington Indus., Inc., v. Ellerth, 524 U.S. 742, 761 (1998).  The decision to interview outside candidates did not change Ms. Wright's employment status.  Mr. Speaker testified that he kept Ms. Wright in mind even after the decision, delaying the interview process so that Ms. Wright would have a fair opportunity to compete for the job.

is whether Defendant believed Mr. Reiff was better qualified when it made its hiring decision, not Ms. Wright's or even our post hoc evaluation.  See Furr v. Seagate Tech., Inc., 82 F.3d 980, 988 (10th Cir. 1996); see also Salguero v. City of Clovis, 366 F.3d 1168, 1176 (10th Cir. 2004).  Given Mr. Reiff's qualifications and the recommendation of the independent interview boards, Aplt. App. 288-89, Ms. Wright has failed to raise a genuine dispute as to Defendant's belief that Mr. Reiff was more qualified.

Ms. Wright's remaining arguments revolve around the City of Topeka Personnel Code, which provides, "Vacancies in higher positions in the classified service shall be filled when possible by promotion from current City employees in lower classifications."  Aplt. App. 195.  Ms. Wright asserts that Defendant failed to follow its own written policy by hiring an outsider instead of her, and that this departure is evidence of pretext.  We agree with the district court that this provision, by its plain language, does not impose a requirement on Defendant to promote from within in every circumstance.  Wright, 2012 WL 3600167, at*7.  The phrase "when possible" gives Defendant discretion.  Ms. Wright presents no other evidence that Defendant had a policy, either by decree or in practice, against interviewing outsiders.  To the contrary, the record indicates that Defendant has interviewed and hired outsiders in the past.  Aplt. App. 104.

Mr. Speaker claimed to use a two-panel interview method in order to find the best candidate for the job.  Aplt. App. 92-93.  And Ms. Wright offers evidence

of no other motivation. Thus, there is no genuine dispute as to the authenticity of Defendant's stated reasons for not promoting Ms. Wright, and Defendant is entitled to summary judgment.

AFFIRMED.

                                               Entered for the Court

                                               Paul J. Kelly, Jr.
                                               Circuit Judge